| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| DAVID PEDDER, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:16-CV-203 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, David Pedder, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as time-barred.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner challenges the Magistrate Judge's conclusions regarding the actual innocence gateway claim pursuant to *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

In *McQuiggin*, the Supreme Court held that a habeas petitioner can overcome the expiration of the AEDPA statute of limitations by making a convincing show of actual innocence. *Id*. at 386. A petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To open the gateway to federal habeas review, a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence;" (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup*, 513 U.S. at 299)).

The Magistrate Judge determined that the evidence relied upon is not "new" as it was clearly substantially available at the time of trial. In addition, the Magistrate Judge found the evidence put forth in the form of sixteen new affidavits was merely cumulative of the testimony put forth by Mr. Freeman who testified at trial:

> While the purported new evidence may have bolstered the testimony of Mr. Freeman, the undersigned cannot find that it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence. During trial, the jury heard testimony from both Mr. Freeman and the defendant that petitioner did not have a key to the building nor did he have access to the alarm code during the time the incident allegedly occurred. The jury also heard Mr. Freeman's testimony that he witnessed the defendant and the victim sitting and waiting in the truck for him to arrive and open the doors to the business. The jury heard this evidence and apparently chose to reject it. Thus, because the additional sixteen affidavits do not constitute new evidence, but reflect information that was otherwise available and already presented to the jury, petitioner does not demonstrate

actual innocence. The undersigned finds that petitioner has not shown that his actual innocence argument survives his untimely § 2254 petition.

Report and Recommendation, pgs. 9-10 (docket entry no. 14).

The Court finds no error in this determination. Regardless, even if this evidence was considered new, petitioner has not shown that in light of the new evidence, *no juror*, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329)); *see also Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) ("The *Schlup* standard ' does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.'") (emphasis added). "[T]he *Schlup* standard is demanding. The gateway should open only when a petitioner presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id*. at 400 (citing *Schlup*, 513 U.S. at 316). At best, petitioner's "new" evidence shows that a reasonable doubt could have been found to exist; it fails, however, to satisfy his burden of showing that *no reasonable juror* would have found him guilty.[1] Petitioner has failed to meet his burden under *McQuiggin*.

In addition, petitioner argues the new evidence is not limited to affidavits and includes photographs and diagrams of the scene demonstrating the "absurdity of the complaint." Although it appears petitioner attached the photographs and diagram to his amended petition, he did not

---

[1] Petitioner proceeds on the assumption that the trial court would have allowed petitioner's trial counsel to parade an additional five to sixteen witnesses to testify that petitioner did not have a key to the building and that they all observed petitioner waiting in the truck with the victim the morning of the incident. *Cf*; TEX. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting *cumulative evidence*.") (emphasis added).

3

discuss the photographs and diagram in the analysis of his actual innocence claim; there is no reference to them. *See* Amended Petition, pgs, 18-22 (docket entry no. 5). Petitioner only discussed sixteen new affidavits as evidence of actual innocence. *Id*. This would be, in effect, a late amendment which this Court will not allow. *See* FED. R. CIV. P. 15(a)(2). Furthermore, it would appear the photographs and diagrams as they relate to petitioner's actual innocence claim may not have been properly exhausted. A review of petitioner's Original State Writ of Habeas Corpus and First Amended State Writ of Habeas Corpus reveals that petitioner only put forth five new exculpatory affidavits as it relates to his actual innocence claim. *See* Original State Writ (docket entry no. 12-27) and First Amended State Writ (docket entry no. 12-25). There is no discussion of the photographs and diagrams as new evidence of actual innocence. *Moore v. Quarterman*, 454 F.3d 484, 491 (5th Cir. 2006) (to exhaust state remedies a habeas petitioner must fairly present "the substance of his claim to the state courts."). Because of the late amendment, however, this Court need not make a determination as to proper exhaustion and a potential procedural bar as it relates to the photographs and diagrams. Regardless, despite the improper amendment and assuming, without finding, the photographs and diagrams have been properly exhausted in state court, petitioner does not demonstrate that with this new additional evidence, no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. 383, 386 (2013).

Furthermore, petitioner has failed to demonstrate the state court's decision was contrary to or involved the unreasonable application of federal law, or that the state court's decision was based upon an unreasonable determination in light of the facts before the court. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "As amended by the AEDPA, §

4

2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citation omitted). "It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree." *Id*. Petitioner has simply not met this burden and petitioner's claims are barred by the applicable statute of limitations.

Alternatively, petitioner requests an evidentiary hearing. Petitioner argues the state court declined to have an evidentiary hearing and merely adopted the State's Findings of Fact and Conclusions of Law and, therefore, could not consider the credibility or strength of petitioner's witnesses.

A court, however, shall not conduct an evidentiary hearing unless the petitioner failed to develop a claim in state court, provided that the claim relies on a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and the facts would "establish by clear and convincing evidence" the petitioner's actual innocence. 28 U.S.C. § 2254(e)(2); *see also* Rules Governing Section 2254 Cases 8(a). Petitioner has failed to satisfy the statutory requirements. He has not demonstrated the existence of any factual dispute that warrant a federal evidentiary hearing.

Finally, petitioner alternatively requests a stay to file an out-of-time PDR, arguing the following:[2]

> Under Texas law, appointed counsel has a duty to promptly and accurately inform an appellant of the outcome of a direct appeal and of all his further appellate options and their accompanying deadlines. *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). Texas law allows a citizen who

---

[2] Petitioner argues he missed his deadline to file a petition for discretionary review due to incorrect information provided by appellate counsel. Objections, pg. 2 (docket entry no. 6).

> did not timely file a Petition for Discretionary Review to utilize the State Writ process and petition to file a Petition for Discretionary Review "out of time" if not so informed. The Court of Criminal Appeals, however, will not consider a State writ when a Federal writ is pending. *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004).
>
> The United States Supreme Court has determined, in States that permit an "out of time" appellate review document to be filed and considered, that the AEDPA deadline can be restarted. *See Jimenez v. Quarterman*, 555 U.S. 113 (2009) (A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final § 2244(d)(1)). As such assuming this Court declines to consider the *McQuiggin* arguments now presented by Petitioner, he respectfully requests the Court grant a stay of these proceedings so that the Texas Court of Criminal Appeals may consider the possibility of granting an "out of time" Petition for Discretionary Review.

Objections, pg. 10 (docket entry no. 17).

As outlined by the Magistrate Judge, the decision in *Jimenez v. Quarterman* is narrow in scope. 555 U.S. 113 (2009). In *Jimenez*, the Supreme Court held simply that the AEDPA limitations period has not begun when an out-of-time appeal has been granted by the state court, because finality under § 2244(d)(1)(A) "must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id*. at 121. Petitioner overlooks the fact that the holding in *Jimenez* pertains only to the *finality* of the judgment and that an out-of-time review only pushes back the *finality* date of a judgment when such review has occurred *before* the filing a petition for writ of federal habeas corpus. *Id*. (emphasis added) ("[o]ur decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A)."). Indeed, the Court noted that its decision did *not* address whether Jimenez would have been able to timely seek federal *habeas* relief *after* the one-year statutory period expired but

6

*before* the state court granted his motion to reopen direct review. *Id*. at 120, n.4. The Court explained that such a petition would not be timely under § 2244(d)(1)(A) under its prior holding "that the possibility that a state court may reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal.'" *Id*.

Furthermore, it is likely an out-of-time PDR will be considered an abuse-of-the-writ and be procedurally barred. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal and it may only be pursued through a writ of habeas corpus brought pursuant to 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. 11.07; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (the TCCA alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State) (citing TEX. CODE. CRIM. PROC. art. 11.07 § 3; *Ex parte Alexander*, 685 S.W.2nd 57, 60 (Tex. Crim. App. 1985)) ("it is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction.").

Petitioner has already presented a state writ of habeas corpus before the Texas Court of Criminal Appeals. *Ex parte Pedder*, No. 82, 450-01 (docket entry no. 12-27). Pursuant to the Texas abuse-of-the-writ doctrine, it appears petitioner's second state habeas application to pursue an out-of-time PDR would be barred by the Texas Court of Criminal Appeals. *See ex parte Whiteside*, 12, S.W.3d 819, 821 (Tex. Crim. App. 2000) (article 11.07, section 4 of the Texas Code of Criminal Procedure applies to all subsequent applications); *Ex parte Barber*, 879 S.W.2d 889, 891 n. 1 (Tex. Crim. App. 1994). The likely dismissal of petitioner's out-of-time PDR renders petitioner's motion for stay futile.

Finally, petitioner's reliance on *Ex parte Soffar* is misplaced. 143 S.W.3d 804 (Tex. Ct. Crim. App. 2004). In that case, the Texas Court of Criminal Appeals held that the state court may consider a successive application for a state writ of habeas corpus if the federal court with jurisdiction over a parallel petition for a federal writ of habeas corpus enters an order staying its proceedings to allow the federal petitioner to pursue his *unexhausted* claims in state court. *Id*. (emphasis added). Petitioner's claims in the preset case, however, are exhausted but untimely. Petitioner's request for a stay is denied.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability

should be resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 24th day of January, 2019.

                                          MARCIA A. CRONE
                                  UNITED STATES DISTRICT JUDGE